(28 Misc. Rep. 523.)

### McNULTY v. ROWE.

(Supreme Court, Appellate Term. July 26, 1899.)

BROKERS—COMMISSIONS.

    Plaintiff, told by defendant that he should be paid a commission if he would sell premises for $18,000, is not entitled thereto, he having merely suggested to M. that it would be a good thing if M. would buy, but having stated no price to, or made any contract with, M., it not appearing that M. acted thereon, and sale to M. having been made through another, and for $17,000.

Appeal from municipal court, borough of Manhattan, First district.

Action by John McNulty against Elizabeth H. Rowe. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Nathan Niles, for appellant.
John Callahan, for respondent.

FREEDMAN, P. J. This was an action brought by the plaintiff to recover for broker's commissions for the sale of real estate. The plaintiff was a tenant of the defendant, and was told by her, and given a written statement to the effect, that, if the plaintiff would sell certain premises belonging to the defendant for the sum of $18,000, she would pay him a commission. The plaintiff called upon one May, and suggested to May that it would be a good thing if he (May) would buy the property, but did not state any price, and made no contract with May regarding its sale to him. It appears that subsequently one McMahon endeavored to effect a sale of the property to May, but did not succeed. May was sworn as a witness for the defendant, and testified that he bought the property, and that he paid $17,000 therefor. He was not allowed to state who in-

duced him to make the purchase. The exclusion of that evidence seems to have been erroneous, but it is not necessary to determine that question here. The defendant was called, and testified that she sold the property to May through one Niles for the sum of $17,000. From all the facts and circumstances disclosed by the testimony, I fail to see how the plaintiff earned his commission. There is nothing to show that he was the procuring cause of the sale. He did not bring the minds of the parties together. He did not even name the price to the subsequent purchaser at which the property could be bought, and nothing appears to have been done by him in the way of a sale, except the conversation before stated to have been had with May, which does not appear to have been acted upon in any way, nor did the defendant obtain the sum of $18,000 for the property, at which price alone the plaintiff had been authorized to procure a purchaser. For these reasons the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.